IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD B. BRYANT, JR.   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>PROVISO TOWNSHIP HIGH   )<br>SCHOOL FOUNDATION FOR   )<br>EDUCATIONAL EXCELLENCE   )<br>d/b/a PROVISO TOWNSHIP HIGH   )<br>SCHOOL DISTRICT #209   )<br>   )<br>   Defendant.   ) | Case No.<br><br>**Jury Trial Requested**<br><br>FILED: AUGUST 8, 2008<br>08CV4491<br>JUDGE GOTTSCHALL<br>MAGISTRATE JUDGE NOLAN<br>EDA |

## COMPLAINT

NOW COMES Plaintiff, RICHARD B. BRYANT, JR., by and through his attorneys, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, PROVISO TOWNSHIP HIGH SCHOOL FOUNDATION FOR EDUCATIONAL EXCELLENCE d/b/a PROVISO TOWNSHIP HIGH SCHOOL DISTRICT #209 states as follows:

### PRELIMINARY STATEMENT

1.      This is an action seeking redress for violations of rights guaranteed to Plaintiff by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. §1981.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

## PARTIES

4. Plaintiff, RICHARD B. BRYANT, JR., is a Caucasian American citizen of the United States who resides in Illinois.

5. Defendant, PROVISO TOWNSHIP HIGH SCHOOL FOUNDATION FOR EDUCATIONAL EXCELLENCE d/b/a PROVISO TOWNSHIP HIGH SCHOOL DISTRICT #209 is a municipal corporation organized under the laws of the State of Illinois.

## COUNT I - 42 U.S.C. § 1981-RACE DISCRIMINATION

6. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7. Plaintiff began working for Defendant on July 1, 2004 as its Director of Teaching and Learning.

8. Throughout the duration of his employment with Defendant, Plaintiff performance met or exceeded Defendant's legitimate expectations, as exemplified by his five percent (5%) merit based raise that he earned following his first year of employment with Defendant.

9. In 2005, Defendant hired Melvin Berry ("Director Berry"), an African American who was substantially less experienced than Plaintiff to serve as its Director of Student Life and Operations. In his position as Director of Student Life and Operations, Director Berry reported to the same supervisors as Plaintiff, and his position was subject to the same performance and behavioral standards as Plaintiff's position.

10. In March 2005, during a conference in St. Louis, Director Berry began to harass

Plaintiff. Such harassment included shaking a steak knife at Plaintiff and exclaiming: "I ain't gonna be nobody's house nigger and you can't be seen as the great white hope."

11. Plaintiff immediately reported Supervisor Berry's unprofessional and threatening behavior to Assistant Superintendent Kelvin Gilchrist ("Assistant Gilchrist"), Superintendent Greg Jackson ("Superintendent Jackson"), and Director of Human Resources Pat Imburgia ("Director Imburgia").

12. Defendant took no action to address Plaintiff's complaints, and Director Berry continued to engage in unprofessional conduct including, but not limited to, calling Plaintiff an "arrogant son of a bitch." Despite Plaintiff's continued oral and written complaints about Director Berry to his supervisors and to Defendant's Human Resources department over the course of a year and a half, Defendant never took any action to rectify the situation.

13. In the spring of 2006, Plaintiff was suspended for one (1) day without pay for allegedly yelling at his African American Supervisor Valorie Moore.

14. Beginning in 2006, Defendant maliciously concocted numerous false and baseless accusations against Plaintiff in order to damage Plaintiff's personal and professional reputation and to support its discriminatory decision to terminate Plaintiff's employment. The actions Defendant took against Plaintiff as a result of Defendant's numerous and baseless false allegations against Plaintiff include, but are not limited to:

    a) President of the Board of Education Emmanual Welsh ("President Welsh") screaming at Plaintiff in front of an open doorway of the conference room in full view of numerous members of the public, and accusing Plaintiff of directing the parents of Defendant's students to raise

concerns about the quality of education at Defendant after a Board of Education meeting in August 2006. When Plaintiff denied these allegations, President Welsh said "bullshit" and accused Plaintiff of being a liar;

      b)      Defendant blaming Plaintiff for a staffing allocation mistake even though Director Valerie Moore, Defendant's Director of Research and Professional Development provided inaccurate information to Plaintiff on multiple occasions regarding staffing allocation;

      c)      Defendant's Director of Business Nikita Johnson filing a complaint with a Forest Park police officer implying that Plaintiff stole money from Defendant. No criminal charges were ever filed against Plaintiff with respect to these frivolous allegations and videotaped evidence supported Plaintiff's contention that he did not steal from Defendant;

      d)      Defendant publicizing the baseless allegations against Plaintiff through the media concerning the theft of money at Defendant in order to damage Plaintiff's personal and professional reputation;

      e)      Defendant suspending Plaintiff's employment on September 1, 2006 for pretextual reasons;

      f)      Defendant terminating Plaintiff's employment on September 21, 2006 for the purported reason of overstaffing at Defendant even though the positions that were allocated had not been filled at the time Plaintiff's employment was terminated, resulting in no actual overstaffing or financial burden to Defendant;

      g)      Defendant terminating Plaintiff's employment on September 21, 2006 for the purported reason of Plaintiff being responsible for the loss of money after the videotaped evidence

revealed that Plaintiff clearly did not steal from Defendant.

15. On information and belief, Defendant held Plaintiff's African American coworker, Supervisor Berry, to lower performance and behavioral standards than it held Plaintiff, and terminated Plaintiff's employment for pretextual reasons.

16. Shortly after Plaintiff's employment was terminated, Gary Marine, a member of Defendant's School Board, informed Plaintiff that he was "set up."

17. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, Caucasian, and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

18. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD B. BRYANT, JR., Prays for judgment against Defendant and respectfully requests that this Court:

A. Declare the conduct of the Defendant to be a violation of rights guaranteed to Plaintiff pursuant to appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully discriminates on the basis of race;

  C. Order Defendant to make whole RICHARD B. BRYANT, JR. by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

  D. Order Defendant to pay lost, foregone, and future wages to RICHARD B. BRYANT, JR.;

  E. Grant the Plaintiff consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

  F. Grant the Plaintiff his attorneys' fees, costs, and disbursements; and

  G. Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

  19. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

          Respectfully submitted,
          RICHARD B. BRYANT, JR., Plaintiff,

          By: s/Lisa Kane
          Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates, P.C.
Attorney for Plaintiff
120 South LaSalle Street
Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

## Verification

I, RICHARD B. BRYANT, JR., declare under penalty of perjury that the foregoing is true and correct.

Executed August 8, 2008.

*[signature]*

RICHARD B. BRYANT, JR.